**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES<br><br>    v.<br><br>DANIELLE HILLMER,<br><br>    *Defendant*. | Criminal Action No. 25 - 383 (LLA) |

**PRETRIAL ORDER**

As discussed during the Status Conference held in this case on June 30, 2026, and in order to administer the trial of this case in a manner that is fair and just to the parties and is consistent with the goal of completing the trial in the most efficient manner, it is hereby

**ORDERED** that a status conference will be held on **September 17, 2026** at **2:00 p.m.** in Courtroom 21.  It is further

**ORDERED** that a pretrial conference will be held on **February 2, 2027** at **1:00 p.m.** in Courtroom 21.  It is further

**ORDERED** that the trial in this case will commence on **February 16, 2027** at **9:00 a.m.** in Courtroom 21.  It is further

**ORDERED** that any substantive motions (such as a motion to suppress) are due on **October 8, 2026**, with oppositions due on **October 22, 2026**, and replies due on **October 29, 2026**.  It is further

**ORDERED** that a hearing on any pretrial motions will be held on **December 2, 2026** at **2:00 p.m.** in Courtroom 21.  It is further

**ORDERED** that the United States shall make its expert disclosures to Defendant by **November 24, 2026**, and Defendant shall make her expert disclosures to the United States by **December 22, 2026**.  It is further

**ORDERED** that motions *in limine* are due on **December 18, 2026**, with oppositions due on **January 8, 2027**.  Replies are not permitted.  It is further

**ORDERED** that the United States shall notify Defendant of its intention to introduce any evidence under Federal Rule of Evidence 404(b) that has not already been disclosed by **January 8, 2027**.  It is further

**ORDERED** that the parties shall exchange their proposed *voir dire* questions, proposed juror questionnaires, and proposed jury instructions by **January 12, 2027**, and they shall thereafter confer in an effort to narrow objections before filing their joint pretrial statement.  It is further

**ORDERED** that the parties' joint pretrial statement is due on **January 19, 2027**.  In addition to filing the joint pretrial statement on the public docket, the parties should submit a version of the statement in Microsoft Word format to AliKhan_Chambers@dcd.uscourts.gov.  The joint pretrial statement shall include:

1. **Written statements** (a) by the United States setting forth the terms of any plea offer made to the defendant and the date such offer was made and lapsed; and (b) by defense counsel indicating (i) the dates on which the terms of any plea offer were communicated to the defendant and rejected, *see Missouri v. Frye*, 566 U.S. 134, 145 (2012) ("[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."), and (ii) the potential sentencing exposure communicated by the defense counsel to the defendant and the date on which such communication occurred, *see United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003);

2. **A one-paragraph joint statement** of the case for the court to read to prospective jurors;

3. **Proposed *voir dire* questions** that include:

   i. the *voir dire* questions on which the parties agree; and

      **ii.** the *voir dire* questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any);

4. **The text of proposed jury instructions**, which are formatted so that each instruction begins on a new page, and indicating:

      **i.** the instructions on which the parties agree;

      **ii.** the instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any); and the proposed instruction's source (e.g., the Red Book, Matthew Bender's Modern Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority (e.g., *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993));

5. **A list of expert witnesses**, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

6. **A list of prior convictions** that the United States intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

7. **Lists of exhibits** that the parties intend to use during their cases-in-chief, with a brief description of each exhibit, followed by specific objections (if any) to each exhibit;

8. **Any stipulations** executed or anticipated to be executed;

9. **A proposed verdict form** that includes a date and signature line for the jury foreperson, as well as proposed special interrogatories (if any); and

10. **A proposed schedule** for the parties' exchange of witness lists and Jencks Act, 18 U.S.C. § 3500, material, including when such lists will be provided to the court.

It is further **ORDERED** that the United States shall disclose its exhibit list and preliminary witness list to Defendant by **December 9, 2026**, and Defendant shall disclose her exhibit list by **January 6, 2027**. The parties' exhibit lists, which they are required to provide with their joint pretrial statement, shall consist of all exhibits that the parties intend to use in their cases-in-chief. The parties shall exchange objections to the admissibility of exhibits to the extent practicable by **January 15, 2027**, and they shall thereafter confer in an effort to narrow objections before filing

their joint pretrial statement.  All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy Clerk.  The parties shall provide an electronic copy of the exhibits in advance of the trial date.  The court may request copies of specific exhibits before the pretrial conference if necessary to resolve the parties' objections.  It is further

**ORDERED** that the United States is under a continuing and ongoing obligation to provide defense counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence.  *See Brady v. Maryland*, 373 U.S. 83 (1963).  *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing."  *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987).  To the extent it has not already done so, the United States must disclose information that may be useful for impeachment or may otherwise affect the credibility of any government witness (*Giglio*)—including *Lewis* material—by **January 15, 2027**.  *See Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Celis*, 608 F.3d 818, 835-36 (D.C. Cir. 2010).  *Giglio* obligations are also ongoing.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   June 30, 2026

4