# Exhibit 1

**U.S. Department of Justice**
Criminal Division

*Fraud Section* *Washington, D.C. 20530*

August 18, 2026

**VIA E-MAIL**

Charles F. Connolly
Gerald M. Moody, Jr.
Allison T. Coffin
Akin Gump Strauss Hauer & Feld LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, DC 20006

Re: *United States v. Danielle Hillmer*, No. 1:25-cr-383-LLA (D.D.C.)

Dear Counsel:

We write in response to your letter of August 5, 2026, seeking certain discovery from the government. As an initial matter, we note that the government has been complying with, and will continue to comply with, its discovery obligations under Federal Rule of Criminal Procedure 16, federal statute, and relevant case law, including *Giglio* and *Brady*.

With respect to your request for additional data, production of further metadata associated with documents produced by FedRAMP and Army NIFMS, to the extent it exists, does not fall within the government's discovery obligations. As you correctly note, the government's Rule 16 obligations extend to materials within its possession, custody, or control. *Trump*, 753 F. Supp. 3d 17, 27 (D.D.C. 2024). As previously disclosed, the prosecution team in this matter consists of certain employees of the following agencies who worked at the direction of criminal prosecutors during the investigation: the General Services Administration, Office of Inspector General (GSA-OIG); the Naval Criminal Investigative Service (NCIS); the Department of the Army, Criminal Investigation Division (DACID); and the Defense Criminal Investigative Service (DCIS). *See* Government's March 16, 2026 Letter. Army NIFMS and FedRAMP—which are distinct from and unrelated to GSA-OIG and DACID—are not a part of the prosecution team. Responding to document requests from investigators and making witnesses available for interviews does not transform a third-party government agency into a member of the prosecution team. *See, e.g.*, *Trump*, 753 F. Supp. 3d at 44-51 (declining to deem several government agencies, including agencies that provided documents and potential fact witnesses, a part of the prosecution team); *United States v. Biaou*, No. 24-cr-323, 2026 WL 221768, at *11 (D.D.C. Jan. 28, 2026) (declining to find that SBA was a member of the prosecution team in a PPP fraud case); *United States v. Pelullo*, 399 F. 3d 197, 218 (3d Cir. 2005) (rejecting assertion that civil arm of the Department of Labor was a part of prosecution team, where prosecution team included criminal investigators from the same agency).

Further, the government produced the material received from Army NIFMS, FedRAMP, and other producing parties in the same format in which it was received. The production includes all relevant metadata fields contained in its Relativity database (excluding internal work product and file path information). The materials from Army NIFMS and FedRAMP were produced to the government as native files and not as load-ready documents—consistent with many productions from federal government agencies, which may often lack sophisticated e-discovery technology.

Based on a review of the folder structure of the original FedRAMP and Army NIFMS's productions, the government has identified the following additional information related to the "custodian" field that may be responsive to your request:

| Producing Party | Bates Range | Folder Name |
|---|---|---|
| Army NIFMS | DOJ-PROD2E-0000242404 – DOJ-PROD2E-0000317137 | AFS eMass |
| Army NIMFS | DOJ-PROD2E-0000317138 – DOJ-PROD2E-0000317459 | Josh Gwinn |
| Army NIFMS | DOJ-PROD2E-0000317460 – DOJ-PROD2E-0000320318 | Solicitation and Contract |

Since the metadata sought is not in possession, custody, or control of the government, we do not reach the materiality standard that is also required by Rule 16. *See* Fed. R. Crim. P. 16(a)(1)(E)(i).

Please do not hesitate to contact us with any questions.

Sincerely,

*/s/ Paul Hayden*
Paul Hayden
Lauren Elfner