**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 1:25-cr-00383-LLA** |
| **v.** | : | |
| | : | |
| **DANIELLE HILLMER,** | : | |
| | : | |
| **Defendant.** | : | |

**REPLY IN RESPONSE TO THE UNITED STATES' OBJECTIONS TO THE DEFENDANT'S PROPOSED RULE 17(C) SUBPOENAS**

Danielle Hillmer, by and through undersigned counsel, respectfully submits this Reply in Response to the United States' Objections to the Defendant's Rule 17(c) Subpoenas ("Objections"), ECF No. 54, and in further support of her *ex parte* request for the issuance of Rule 17(c) subpoenas ("Motion"), ECF No. 45. For the reasons set forth herein, Ms. Hillmer respectfully requests that the Court issue the narrowed subpoenas, attached hereto as Exhibits 1, 3, 5, and 7.[1]

## INTRODUCTION

Ms. Hillmer seeks pretrial production of evidence from each of the victims of the scheme alleged by the government, three of which the government apparently did not subpoena in the course of its investigation. On September 24, 2026, after briefing from both parties, the Court ordered that Ms. Hillmer's Motion and accompanying exhibits be maintained *ex parte* and under seal. *See* Sept. 24, 2026 Min. Order. Because Ms. Hillmer voluntarily agreed to provide the underlying subpoenas to the government, the Court further ordered that "the United States shall

[1] Exhibits 2, 4, 6, and 8 show redline changes between the original subpoenas requested by Ms. Hillmer and the narrowed subpoenas.

file any objections to the proposed subpoenas on or before September 30, 2026 . . . ." *Id.* The government filed its Objections on October 1, 2026. *See* ECF No. 54. The Court ordered the parties to meet and confer on or prior to October 9, 2026. *See* Oct. 5, 2026 Min. Order.

Accordingly, this filing addresses (1) the parties' efforts to meet and confer up until this filing; (2) the *Nixon* standard as applied in this district; (3) the reasons that the subpoenas fulfill *Nixon*'s specificity requirement; (4) the reasons that the Court should dismiss the government's impeachment objections; and (5) the lack of other bases to further modify Ms. Hillmer's proposed subpoenas.

## ARGUMENT

### I. The Parties Met and Conferred Regarding the Subpoenas.

Pursuant to the Court's Order, the parties virtually met and conferred on October 5, 2026 and October 8, 2026. The parties also exchanged numerous emails regarding the subpoenas, up to and including October 14, 2026. Ms. Hillmer has substantially narrowed her subpoena requests pursuant to these discussions and based on the information provided by the government. Specifically, Ms. Hillmer agreed to strike one of her original requests to Coalfire, and to narrow 13 of the remaining 19 requests. Furthermore, Ms. Hillmer has agreed to strike 15 of her 23 requests to the GSA, DoD, and DHS, and to narrow six of the remaining eight requests. Based on Ms. Hillmer's narrowing, the government's objection that some requests seek information previously produced to Ms. Hillmer is moot. The government maintains specificity and impeachment objections to Coalfire Requests Nos. 1, 7, and 12. The government does not object to the remainder of Ms. Hillmer's revised requests and those requests should be issued without further modification.

## II. The Government Misstates *Nixon's* Specificity Standard as Applied in This District.

Although the government correctly identifies *Nixon* as governing the issuance of Rule 17(c) subpoenas, it conveniently omits language regarding the application of *Nixon*'s specificity standard. *See* Obj. 2. As a threshold matter, both parties agree *Nixon* imposes relevance, admissibility, and specificity requirements on Rule 17(c) subpoenas. *See id.*; *United States v. Nixon*, 418 U.S. 683, 700 (1974). Both parties also cite *United States v. Libby*, 432 F. Supp. 2d 26 (D.D.C. 2006), as the case that clarifies application of the standard in this District. *See* Obj. 2–3; ECF No. 51 at 9–11.

Quoting *Libby*, the government asserts that: "the Defendant's request must 'specify the records sought'—'[w]hile it may sometimes be impossible to describe fully the materials being sought, courts will not approve a subpoena for documents based upon requests for disclosure from broad categories of documents.'" Obj. 2 (alteration in original) (quoting *Libby*, 432 F. Supp. 2d at 31).[2] While *Libby* disfavors broad document requests, the case explains that "one of the major purposes of the specificity requirement is to provide the subpoenaed party or other party having standing with ***enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility***." *See Libby*, 432 F. Supp. 2d at 32 (emphasis added) (citation omitted); *see also id.* at 31 (explaining that the specificity requirement is met "if there is a 'sufficient likelihood,' demonstrated through rational inferences, that the documents being sought contain relevant and admissible evidence" (citing *Nixon*, 418 U.S. at 700)).

As explained in Ms. Hillmer's previous filings, Ms. Hillmer's requests are not a general fishing expedition because they seek relevant, admissible, and specific trial evidence. *See* ECF No. 51 at 11–12; *see also Libby*, 432 F. Supp. 2d at 32 ("The specificity requirement ensures that

[2] *Libby* does not contain the quoted language.

a Rule 17(c) subpoena will not be used as a fishing expedition to see what may turn up." (internal quotation marks and citation omitted)).

**III. Ms. Hillmer's Requests Easily Clear *Nixon*'s Specificity Standard.**

Ms. Hillmer's proposed subpoenas easily meet *Nixon*'s requirements of relevance, admissibility, and specificity. *See Nixon*, 418 U.S. at 700; *see generally* Mot.; *see also* ECF No. 51 at 9–18. Ms. Hillmer's requests seek narrow subcategories of trial evidence about discrete topics, within limited time periods, and thus easily surpass *Nixon*'s specificity requirement. *See Libby*, 432 F. Supp. 2d at 32. The specificity requirement was intended to ensure that subpoena recipients have "enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility." *See id.* (citation omitted). Thus, it follows that courts in this District have issued Rule 17(c) subpoenas that request "all" documents if they "provide[] a narrow subcategory of documents being sought, which cover a discrete topic and typically limit the pertinent time frame." *See id.* at 38. The government does not, and cannot, claim that requests that meet these criteria are impermissible. In particular, Coalfire Requests 1, 7, and 12 are specific for the reasons discussed below.

**1. Coalfire Request 1**

The government objects to Coalfire Request No. 1 on the grounds that it comprises an "exhaustive list[] . . . without any explanation of why each item is potentially relevant." Obj. 6. But Ms. Hillmer seeks narrow categories of information through this Request. Coalfire Request No. 1 asks for:

> All ***Coalfire policies, procedures, manuals, guidelines, standards, templates, checklists, training materials, and quality-control or quality-assurance protocols in effect during the relevant period*** that governed, applied to, or guided the conduct of assessors and the performance of the Assessments, including any FedRAMP or DoD-specific assessment methodologies, standard operating procedures, and

> protocols for the testing, validation, and verification of security controls and the evaluation of artifacts submitted by the entity under assessment.

Mot. Ex. 1, at Req. No. 1 (emphasis added). To begin, only documents responsive to the time period between November 1, 2019 and November 30, 2021 are implicated by Coalfire Request No. 1. *See id.* at Instr. No. 2. Further, this Request only covers documents that pertain to the "Assessments" at the heart of this case. *See id.* at Definition No. 2. And the bolded language, which the government describes as an "exhaustive list," is Ms. Hillmer's way of identifying synonyms to describe one category of information: materials that Coalfire assessors were bound to follow when completing the Assessments. The fact that Ms. Hillmer does not know what Coalfire chooses to internally call these documents—and thus chose to list several nouns by which Coalfire may refer to these documents—does not broaden her request or render it non-specific.

**2. Coalfire Request 7**

The government also objects to Coalfire Request 7 on specificity grounds. Obj. 6. Coalfire Request No. 7 seeks the following materials:

> All Documents relating to any training, certification, credentialing, or professional qualification of Jean Kang or Taimur Masood during his or her tenure at Coalfire, including without limitation any training or certification relating to FedRAMP, DoD, cloud security, or 3PAO assessment methodologies, as well as any continuing education, recertification, or professional development relating thereto.

Mot. Ex. 1, at Req. 7. The government accuses Ms. Hillmer of undertaking a "fishing expedition," but Ms. Hillmer's requests are well-founded. Obj. 6. As it is not appropriate for Ms. Hillmer to tell her adversary how she intends to use evidence at trial, Ms. Hillmer has explained to the Court why these materials contain critical trial evidence and remains available to supplement her initial proffer at the Court's convenience. *See* Mot. 4–6, 11; *see also* ECF No. 51 at 14–15. Irrespective, these documents are independently admissible as they comprise business records that relate to Mr.

Masood's and Ms. Kang's training and certifications, qualifications, knowledge, and state of mind—all points that are, at minimum, also relevant to Ms. Hillmer's defense. *See id.*

*United States v. Trump*, the sole case upon which the government relies in objecting to this Request, is entirely inapposite. *See* 703 F. Supp. 3d 89 (D.D.C. 2023). In *Trump*, the defendant, President Donald J. Trump, sought records that he believed were sent to the executive branch by a congressional committee investigating the January 6 attack. *See id.* at 91–92. Mr. Trump asserted that these records fell into ***six*** subcategories based on document type, such as "video recordings" and "transcript[s] of witness interviews . . . ." *See id.* at 93. But Mr. Trump did not contest that the committee transmitted only ***two*** categories of materials: written interview transcripts, which the parties agreed had already been produced to the defense, and video recordings of those same interviews. *See id.* In this context, the court declined to issue a Rule 17(c) subpoena. *See id.* Unlike in *Trump*, where the defendant requested documents that he knew did not exist in the requested format, Ms. Hillmer's requests merely mention different names that Coalfire could use to refer to the same documents. Further, Ms. Hillmer has done more than generally state that the documents she seeks are important and related to a general subject matter: she has submitted an extensive brief that details how these documents fit into her trial strategy and remains willing to answer questions from the Court. *See* Mot. 4–6, 11; ECF No. 51 at 14–15.

**3. Coalfire Request 12**

The government's brief objects, without elaboration, that Coalfire Request 12 "suffer[s] from a similar lack of specificity." *See* Obj. 6–7 (citing Coalfire Req. No. 12 and other Requests). But Coalfire Request 12 seeks "a narrow subcategory of documents being sought, which cover a discrete topic" from a "pertinent time frame." *See Libby*, 432 F. Supp. 2d at 38. In particular, this Request seeks:

> All Communications, whether formal or informal, providing, reflecting, or relating to feedback, evaluations, or commentary on the performance, competence, or conduct of the Coalfire assessment team or any of its members in connection with the Assessments.

Mot. Ex. 1, at Req. 12. To begin, this Request covers a discrete period of approximately two years. *See* Instr. No. 2. The Request also covers a discrete topic, as it seeks a defined category of information (communications) from a defined team (Coalfire assessors) that pertain to a defined engagement (the assessments at issue in the indictment). *See* Mot. Ex. 1, at Req. 7; *see also id.* at Definition No. 2. Specificity requires nothing more. *See Libby*, 432 F. Supp. 2d at 38 (issuing Rule 17(c) subpoena requests for "all documents" where "each request provides a narrow subcategory of documents being sought, which cover a discrete topic and typically limit the pertinent time frame."). Regardless, these Requests are further bolstered because Ms. Hillmer has provided the Court with a sufficient basis for concluding that responsive materials will result in the trial evidence that she seeks. *See* Mot. 2–8, 10–16.

### IV. Ms. Hillmer's Requests Do Not Improperly Seek Impeachment Evidence.

In the Joint Status Report, the government objects to Coalfire Requests No. 1, 7, and 12 on the grounds that they "improperly seek[] impeachment evidence"—despite arguing in its Objections that Ms. Hillmer ***had not established*** that these Requests seek impeachment evidence. *See* ECF No. 55 at 1; Obj. 6 (objecting that Ms. Hillmer "has not shown any basis for concluding that these materials in fact contain [impeachment] evidence").

The Court should reject the government's impeachment objections, which are at odds with each other and reflect the government's shifting objections after multiple rounds of briefing. Furthermore, the government's initial impeachment objections only addressed Coalfire Request No. 7. *See* Obj. 6. As such, the Court should dismiss this objection as waived as to Coalfire Requests No. 1 and 12.

Nonetheless, despite the extensive case law that Ms. Hillmer has put forth on this issue, *see* ECF No. 51 at 12–15, the government maintains its conclusory objection. The government does not acknowledge numerous cases in this district that suggest Rule 17(c) subpoenas can authorize requests for impeachment material. *See* ECF No. 51 at 12–13, 15 (citing *Libby*, 432 F. Supp. 2d at 36; *United States v. Van Avermaet*, 2024 WL 3835320, at *2 (D.D.C. Aug. 15, 2024); *United States v. Liddy*, 354 F. Supp. 208, 212, 217 (D.D.C. 1972)). The government does not address Ms. Hillmer's contention that impeachment material, if sought here, is necessary to avoid delay. *See id.* at 13–15 (citing *Nixon*, 418 U.S. at 698–99, 701–02; *Liddy*, 432 F. Supp. 2d at 42–43; *United States v. Tomison*, 969 F. Supp. 587, 593 (E.D. Cal. 1997)). And the government does not purport to respond to Ms. Hillmer's contention that any materials sought on impeachment grounds are independently admissible. *See id.* at 14–15 (citing *Nixon*, 418 U.S. at 701–02; *United States v. Stukenbrock*, No. 15-cr-00034, 2016 WL 11952581, at *2 (N.D. Cal. Sept. 29, 2016); *United States v. LaRouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988)).

## V. There is No Other Basis To Further Modify the Remaining Requests in Dispute.

Citing nothing, the government argues that Ms. Hillmer's Motion should be denied because, "[a]t least in her public filing, the Defendant does not show how her requests for information seek information that would have 'any tendency to make the existence of any fact that is of consequence . . . more probable or less probable . . . .'" *See* Obj. 8. But, as painstakingly detailed in Ms. Hillmer's prior brief, courts routinely grant subpoenas that meet *Nixon*'s requirements—including relevance—through *ex parte* pleadings. *See* ECF No. 51 at 4–7 (collecting cases). Because Ms. Hillmer has established relevancy in her *ex parte* filing, and since the government does not currently object to the remaining requests in dispute based on relevance, the Court should reject the government's relevancy objections.

Finally, the government claims that Ms. Hillmer's subpoenas may cause undue delay. But Ms. Hillmer, an individual whose life is on hold pending the outcome of this trial, requested Rule 17(c) subpoenas in August 2026, approximately six months in advance of trial, to ***prevent*** delay of the upcoming trial. According to the Supreme Court, the "chief innovation" of Rule 17(c) "was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials[.]" *Nixon*, 418 U.S. at 698–700 (footnote omitted); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). The proposed subpoenas do just that. Ms. Hillmer has a constitutional right to "have compulsory process to secure evidence in [her] favor." *In re Martin Marietta Corp.*, 856 F.2d 619, 621 (4th Cir. 1988) (citing *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *see also* ECF No. 51 at 2, 4–5, 13. Ms. Hillmer is attempting to exercise this right by seeking evidence necessary to her defense before trial begins. *See Tomison*, 969 F. Supp. at 593 ("In cases . . . where evidence relevant to guilt or punishment is in a third party's possession and is too massive for the defendant to adequately review unless obtained prior to trial, pre-trial production through Rule 17(c) is necessary to preserve the defendant's constitutional right to obtain and effectively use such evidence at trial." (citation omitted)). If Ms. Hillmer is forced to seek records via a trial subpoena, the anticipated volume and technical complexity of responsive materials would likely require her to request an adjournment that would delay trial after it had already started. *See* ECF No. 51 at 13–14.

## CONCLUSION

For the foregoing reasons, Ms. Hillmer respectfully requests that the Court grant undersigned counsel leave to issue the revised versions of requested subpoenas *duces tecum* to Coalfire, GSA, DoD, and DHS, which are attached at Exs. 1, 3, 5 and 7. Ms. Hillmer also requests that the Court require the production of records to undersigned counsel within 30 days of service

of the subpoenas.

Dated: October 14, 2026

Respectfully submitted,

*_/s/ Charles F. Connolly_*
Charles F. Connolly, D.C. Bar No. 455969
Gerald M. Moody, Jr., D.C. Bar No. 90032072
Allison T. Coffin, D.C. Bar No. 1600869
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 887-4070
cconnolly@akingump.com
gmoody@akingump.com
acoffin@akingump.com

*Counsel for Danielle Hillmer*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October 2026, I filed the foregoing Reply in Response to the United States' Objections to the Defendant's Proposed Rule 17(c) Subpoenas with the Clerk of the Court for the U.S. District Court for the District of Columbia, using the Court's CM/ECF system.

Dated: October 14, 2026

Respectfully submitted,

*/s/ Charles F. Connolly*

Charles F. Connolly, D.C. Bar No. 455969
Gerald M. Moody, Jr., D.C. Bar No. 90032072
Allison T. Coffin, D.C. Bar No. 1600869
AKIN GUMP STRAUSS HAUER & FELD LLP
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 887-4070
cconnolly@akingump.com
gmoody@akingump.com
acoffin@akingump.com

*Counsel for Danielle Hillmer*